IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOHN PHARR, | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| | § | |
| V. | § | 1:14-CV-762-LY |
| | § | |
| CHRISTOPHER WILLE, | § | |
| STEVEN McDANIEL, | § | |
| ART ACEVEDO AS CHIEF OF | § | |
| AUSTIN POLICE DEPARTMENT | § | |
| And | § | |
| CITY OF AUSTIN, TEXAS, | § | |
| Defendants. | § | |

**PLAINTIFF'S SIR-REPLY TO DEFENDANTS' REPLY
TO PLAINTIFF'S REPONSE
TO DEFENDANTS' ART ACEVEDO and CITY OF AUSTIN'S
MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, John Pharr, respectfully files this his Sir-Reply to Defendants' Reply to Plaintiff's Response to Defendants' Art Acevedo and City of Austin's Motion for Summary Judgment, and in support thereof would show the court as follows:

**I. Summary**

1. Following the receipt of discovery regarding Defendants Wille and McDaniel's 110 prior use of force incidents, Plaintiff files this Motion for Leave to file the attached Proposed First Amended Complaint. The attached Proposed First Amended Complaint adds a theory that Defendants Art Acevedo and City of Austin should be liable based on ratification of the Defendant Officers' repeated acts of excessive force. Plaintiff's Proposed First Amended Complaint also acts to withdraw all causes of action for False Imprisonment and Malicious Prosecution as to Defendants Wille and McDaniel; and, acts to withdraw all causes of action for

Negligent Hiring as to Art Acevedo and City of Austin.

## II. Factual Background

2.      On August 14, 2012, Plaintiff, John Pharr, was tackled and beaten by the Defendants Wille and McDaniel while he was neither a threat nor attempting to flee. Additionally, based on the evidence and the law, Defendants' have a history of excessive use of force.

3.      One day before statute had run, Plaintiff filed suit on August 13, 2014 against the two officers identified at the scene, Art Acevedo and The City of Austin. Plaintiff sent written discovery including requests related to a prior use of force incidents for the officers. Defendants' discovery responses included a complete list of prior use of force offense report numbers, along with an incomplete stack of offense reports which were selected by defendant's counsel.

## III. Argument and Authorities

4.      Plaintiff files this Motion for Leave to Amend, with the attached Proposed First Amended Complaint. A response to a motion to dismiss, in which plaintiff first alleged she had been willfully discriminated against, should be treated as a motion to amend her pleadings. *Sherman v. Hallbauer*, 455 F.2d 1236, 1242 (5th Cir. 1972). The deadline to amend in this matter was December 15, 2014. Plaintiff first alleged Ratification as a cause of action in Plaintiff's Response to Defendants' City of Austin and Art Acevedo's Motion for Summary Judgment. Pursuant to *Sherman*, Plaintiff's Response to Defendants' City of Austin and Art Acevedo's Motion for Summary Judgment should treated as a motion to amend his pleadings.

5.      In the interest of justice, trial court should construe plaintiff's revised theory of a case as set forth in the memorandum as a motion to amend pleadings, filed out of time, and should allow the amendment. Fed. Rules Civ. Proc. Rules 15, 56(c), 28 U.S.C.A.; *Sherman at v. Hallbauer*, 455 F.2d 1236 (5th Cir. 1972).

6.     When beyond the deadline set in the scheduling order, the court should grant leave if good cause is shown. *Fahim v. Marriott Hotel Services, Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). Factors in considering good cause include: explanation for not timely filing, importance of the amendment, potential prejudice in allowing the amendment, and the availability of a continuance to cure the prejudice. *Id.*

A.     **GOOD CAUSE**

7.     First, Plaintiff's delay to amend is based on evidence only identified during discovery. It was following the production of these documents that it became clear that the City of Austin claims to have reviewed all videos of the incident and the officers' reports of the incident and still found that the use of force was objectively reasonable. Based on the new understanding of what Defendants reviewed, Plaintiff is now amending to add the Ratification theory. If a party discovers evidenced needed to prove its new claim after the scheduling order amendment deadline, amendment is allowed. *Haddock v. Nationwide Fin. Servs.*, 514 F.Supp.2d 267, 271 (D. Conn. 2007). It was based on this new found information that the Ratification theory first came to Plaintiff's attention. Plaintiff then proffered the Ratification theory in response to Defendants' Motion for Summary Judgment.

8.     Second, the amendment is extremely important. Ratification was the alternative theory presented by Plaintiff in response to the newly discovered evidence. Disallowing the amendment to go forward would effectively dismiss Plaintiff's claim against the City of Austin, and allow the City of Austin to continue to ineffectively respond excessive uses of force.

9.     Third, there will be no prejudice to Defendants in this matter because this is merely an amendment providing alternative theories for recovery on the same facts. Such an amendment does not prejudice the Defendant. *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 246 n. 2(5th

Cir. 1997). The addition of ratification does not establish a new factual basis for the plaintiff's claim or radically alter the nature of trial on the merits. *Compra Little v. Liquid Air Corp.*, 952 F.2d 841, 846 (5th Cir. 1992), *reinstated in relevant part*, 37 F.2d 1069 1073 & n.8 (5th Cir. 1994) (en banc). Rather, Plaintiff is merely arguing based on the same facts using a different legal theory which is supported by newly acquired information. Plaintiff contends that Defendants, Art Acevedo and The City of Austin, have a history of failure to respond to acts of excessive force. The City has been warned of its failure to develop an adequate use-of-force policy in the past and has not changed its training or supervision policies to adequately remedy these continued uses of excessive force. This only leads to subsequent uses of excessive force by APD officers. Plaintiff's ratification theory is based on a similar premise that Defendant has not adequately responded to this use of excessive force and is therefore failing to adequately remedy those future continued instances of excessive force.

10. Finally, though no continuance is available at this time, information regarding the ratification of the Defendant officers' actions is within the control of Defendants Acevedo and City of Austin. There will be no need for discovery or Continuance on Defendants' part. Because it is a similar theory based on the same facts, it will not harm the Defendants.

B. **JUSTICE SO REQUIRES**

11. Once good cause is established FED. R. CIV. P. 15's more liberal pleading standard applies. *Tex. Indigenous Council v. Simpkins*, 544 Fed. Appx. 418, 421 (5th Cir. 2013). The court should freely give leaven when justice so requires. FED. R. CIV. P. 15(a)(2). As stated above, Plaintiff is amending after only recently finding the necessity for such an amendment. When an amendment is requested upon discovering the basis for the new allegations this court has found amendment proper. *Auster Oil & Gas, Inc. v. Stream*, 764 F.2d 381, 391 (5th Cir. 1985). This is

Plaintiff's First Request for Leave to Amend. *Price v. Pinnacle Brands, Inc.* 138 F.3d 602, 608 (5th Cir. 1998). There is no undue delay as the court has not yet heard the Defendants' Motion for Summary Judgment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). There is no need for continuance as the matter is set for June. *See Hom v. Squires*, 81 F.2d 969, 973 (10th Cir. 1996). Because there is no undue delay the court should grant Plaintiff's Motion for Leave to Amend.

### IV. Prayer

WHEREFORE PREMISES CONSIDERED, Plaintiff pray the Court GRANT his Motion for Leave to Amend, to entire Plaintiff's Proposed First Amended Complaint in the court record, and for any and all other relief to which he is entitled.

RESPECTFULLY SUBMITTED,

By: /s/ Paul Batrice

BATRICE LAW FIRM
Paul Batrice
State Bar No. 24048344
1114 Lost Creek Blvd., Suite 440
Austin, Texas 78746
(512) 600-1000 (Phone)
(512) 600-0217 (Fax)
E: Paul@Batricelawfirm.com

Randall B. Wood
State Bar No. 21905000 2700
Bee Caves Road, #200
Austin, Texas 78746
(512) 328-8877 (Phone)
(512) 328-1156 (Fax)
E: Buckwood@raywoodlaw.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the foregoing was served upon all counsel of record, pursuant to the Federal Rules of Civil Procedure, on ___3/18/16___.

***Via* Electronic Service**
Lynn E. Carter
City of Austin Law Department
P.O. Box 1546
Austin, Texas 78767-1546
Email: lynn.carter@austintexas.gov

_____
Paul Batrice