UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JOHN PHARR, § | |
| § | NO. 1:14−CV−762-DAE |
| Plaintiff, § | |
| vs. § | |
| CHRISTOPHER WILLE, STEVEN § | |
| McDANIEL, ART ACEVEDO in his § | |
| official capacity as the Chief of Austin § | |
| Police, and CITY OF AUSTIN, § | |
| Defendants. § | |

ORDER (1) DENYING PLAINTIFF'S MOTIONS TO AMEND COMPLAINT AND (2) GRANTING PLAINTIFF'S MOTIONS TO DISMISS CLAIMS WITH PREJUDICE

Before the Court are four motions filed by Plaintiff John Pharr: (1) on March 18, 2016, Plaintiff filed a Surreply to Defendants' Reply to their Motion for Summary Judgment, seeking leave to file a Proposed First Amended Complaint[1] (Dkt. # 53); (2) a Motion for Partial Nonsuit with Prejudice[2] (Dkt. # 55); (3) a Motion for Leave to File Plaintiff's First Amended Complaint[3] (Dkt. # 63); and (4)

---

[1] The Plaintiff expressly states in his Surreply that the filing is a motion for leave to file a first amended complaint. (Dkt. # 53 at 1.)

[2] The Court construes this motion as a Motion to Dismiss certain claims pursuant to Federal Rule of Civil Procedure 41.

[3] Inexplicably, this motion is essentially the same filing made by Plaintiff in his surreply.

1

a Motion for Leave to File Plaintiff's Partial Nonsuit[4] (Dkt. # 64). Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing. After considering the briefs filed in support and in opposition, the Court, for the reasons that follow, **DENIES** Plaintiff's Motion for Leave to file a First Amended Complaint (Dkt. # 53), **DENIES** Plaintiff's Motion for Leave to File his First Amended Complaint (Dkt. # 63); **GRANTS** Plaintiff's Motion to Dismiss certain claims with Prejudice (Dkt. # 55); and **GRANTS** Plaintiff's Motion for Leave to File his Partial Nonsuit (Dkt. # 64.) .

## BACKGROUND

On August 8, 2014, Plaintiff filed a complaint in this Court against Police Officers Christopher Wille and Steven McDaniel, Art Acevedo in his official capacity as the Chief of the Austin Police Department, and the City of Austin, Texas (collectively "Defendants"). (Dkt. # 1.) In the complaint, Plaintiff alleges various constitutional and tort claims pursuant to 42 U.S.C. § 1983, involving excessive force that arose out a vehicular stop and subsequent arrest. (Id.) On April 1, 2015, the Court issued a Scheduling Order setting forth the following deadlines: amended pleadings were due December 15, 2014; discovery

---

[4] The Court construes this motion as a Motion to Dismiss certain claims pursuant to Federal Rule of Civil Procedure 41. The Court also notes that this motion seeks the exact same relief in Plaintiff's previously filed motion to nonsuit claims filed on March 18, 2016.

was to be completed by August 31, 2015; and dispositive motions were due October 30, 2015.[5]  (Dkt. # 22.)  Trial is set for June, 2016.  (Id.)

On January 7, 2016, Defendants filed a Motion to Exclude Plaintiff's expert witness Dr. George Kirkham.  (Dkt # 28.)  On January 29, 2016, Defendant Art Acevedo and the City of Austin filed a Motion for Summary Judgment (Dkt. # 41) and on February 1, 2016, Police Officers Wille and McDaniel filed a Motion for Summary Judgment (Dkt. # 42).  The Court has not ruled on any of these pending motions.

In the March 18, 2016 Surreply to Defendants' Motions for Summary Judgment (Dkt. # 53) the Plaintiff expressly characterized his Surreply as a Motion for Leave to file a Proposed First Amended Complaint.  (Id. ¶ 1.)  On the same day, Plaintiff a Motion for Partial Nonsuit with Prejudice.  (Dkt. # 55.)  Plaintiff seeks to amend his complaint by adding a claim for ratification against the City of Austin, alleging that the city "created an environment conducive to [excessive force] violations occurring and later ratified the actions of the officers by and through the adoption, approval, and application of policies."  (Dkt. # 55 ¶ 24.)  Plaintiff also seeks to dismiss his claims for false imprisonment and malicious prosecution as to Defendants Wille and McDaniel, and negligent hiring as to Art Acevedo and the City of Austin.  (Dkt. # 55 ¶ 25.)

---

[5] The parties have allegedly agreed to extend numerous discovery and dispositive motion deadlines, but the record does not reflect such extensions.

On April 11, 2016, Plaintiff filed a Motion for Leave to File Plaintiff's First Amended Complaint (Dkt. # 63) and a Motion for Leave to File Plaintiff's Partial Nonsuit (Dkt. # 64). The arguments raised by Plaintiff in both April 11, 2016 motions are the same raised in in his surreply and previous motion for partial nonsuit (Dkt. ## 53, 55.)

## LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Federal Rules permit liberal amendment of pleadings, and Rule 15(a) favors granting leave to amend. Relevant factors to consider in deciding whether to permit amendment include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993). "Whether leave to amend should be granted is entrusted to the sound discretion of the district court, and that court's ruling is reversible only for an abuse of discretion." Lozano v. Ocwen Fed. Bank, FSB, 489 F.3d 636, 644 (5th Cir. 2007) (quoting Wimm, 3 F.3d at 139). "Although Rule 15(a) states leave to amend 'shall be freely given when justice so requires,' the district court may consider that the

moving party failed to take advantage of earlier opportunities to amend." Lozano, 489 F.3d at 644.

## DISCUSSION

I.  Amendment of the Pleading

Plaintiff contends that "good cause" exists for the Court to grant leave to amend the complaint. (Dkt. ## 53 ¶ 7, 63.) He argues that his motion to amend "is based on evidence only identified during discovery" (Dkt. # 53 ¶ 7) and construes such evidence as "newly discovered." (Id. ¶ 8.) Plaintiff also asserts that Defendants will not experience prejudice because ratification is an alternative theory of recovery. (Id. ¶ 9.) However, Plaintiff makes no assertion that Defendants failed to timely fulfill their discovery obligations or otherwise impede his ability to learn about city policing policies.

A. Undue Delay

"Although Rule 15(a) does not impose a time limit 'for permissive amendment, at some point, time delay on the part of a plaintiff can be procedurally fatal.'" Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004) (internal citations omitted). "In such a situation, the plaintiff bears the burden of showing the delay to be 'due to oversight, inadvertence, or excusable neglect." Id. (quoting Gregory v. Mitchell, 634 F.2d 199, 203 (5th Cir. 1981)). The Fifth Circuit has also stated that a motion to amend may be "untimely in light of the procedural history and

5

posture of the case." Mayeaux v. La. Health Serv. and Indemnity Co., 376 F.3d 420, 427 (5th Cir. 2004.)

Here, nineteen months have passed between the time Plaintiff filed his original complaint and the time he decided to seek amendment. While Plaintiff explains the proposed amendment is due to evidence identified during discovery, discovery ended over six months ago, and Plaintiff makes no argument that Defendants failed to fulfill their discovery obligations or otherwise impeded Plaintiff's ability to obtain discovery.[6] Plaintiff does not even argue his own oversight, inadvertence or excusable neglect contributed to the delay. Finally, the procedural history and posture of this case also indicate that the motion to amend is unjustifiably out of time. This case has entered the summary judgment stage and trial will occur shortly. Granting leave to amend by adding a new cause of action would fundamentally alter the course of this litigation. Accordingly, the Court finds that Plaintiff's motion to amend the complaint is unduly late given the length of time since the original complaint was filed, the time since discovery closed, and the posture of this case.

---

[6] Indeed, the record reflects that Defendants produced discovery of the relevant offense reports no later than December 2015, giving Plaintiff nearly four months to review the evidence. (See Dkts. ## 59-2, 59-3)

B. Prejudice

"A defendant is prejudiced if an added claim would require the defendant 'to reopen discovery and prepare a defense for a claim different from the [one] . . . that was before the court." EMC Corp., 393 F.3d at 596 (quoting Duggins v. Steak 'N Shake, Inc., 195 F.3d 828, 834 (6th Cir. 1999)). Here, Plaintiff seeks to add a new claim of ratification by alleging that Defendants Wille and McDaniel used force 110 times during five years of employment as police officers, and that the City of Austin ratified such uses of force by never reprimanding Wille and McDaniel. (Dkt. # 55 ¶ 20.)

Defendants would be prejudiced by the addition of this new claim for a variety of reasons. First, this case has focused on one event of alleged excessive force; Plaintiff now seeks to alter the case to address over 100 incidents of the use of force.[7] Second, to allow amendment would require the reopening of discovery at this late stage of this litigation; new depositions would need to be taken and new interrogatories would need to be answered. For these reasons, the Court finds that Defendants would be prejudiced by permitting amendment. See Mayeaux, 376 F.3d at 427 ("When late tendered amendments involve new theories of recovery

---

[7] It should be noted that the 110 reports about Defendants Wille and McDaniel "using force" are not necessarily reports about excessive force, but could instead be reports about making an arrest where the use of force was employed to make an arrest. (Dkt. # 61 at 6; Dkt. # 41-2.)

and impose additional discovery requirements, courts [of appeals] are less likely to find an abuse of discretion due to the prejudice involved.")

C. <u>Bad Faith and Dilatory Motive</u>

Where an opposing party has filed a motion for summary judgment, the Court will "carefully scrutinize a party's attempt to raise new theories of recovery by amendment." <u>See</u> <u>Parish v. Frazier</u>, 195 F.3d 761, 764 (5th Cir. 1999); <u>see also</u> <u>Ketcher v. Wal-Mart Stores, Inc.</u>, 122 F. Supp. 747, 756 (S.D. Tex. 2000). After a defendant has filed a motion for summary judgment, "[t]o grant [plaintiff] leave to amend is potentially to undermine the [defendant's] right to prevail on a motion that necessarily was prepared without reference to an unanticipated amended complaint." <u>Overseas Inns S.A. P.A. v. U.S.</u>, 911 F.2d 1146, 1151 (5th Cir. 1990). "A party should not, without adequate grounds, be permitted to avoid summary judgment by the expedient of amending its complaint." <u>Id.</u>

Pending before the Court are two motions for summary judgment filed by Defendants. (Dkt. ## 41, 42.) On February 26, 2016, Plaintiff filed his response to both summary judgment motions, but made no reference to alternative theories of recovery or the need to amend his complaint. It was not until after Defendants filed their reply briefs did Plaintiff file a surreply seeking leave to amend his complaint. Now, more than two months after the summary judgment

8

motions were filed Plaintiff filed second identical motion to amend his complaint on the same grounds offered in his surreply. (Dkt. # 63.) Plaintiff offers no adequate ground to amend his complaint and avoid summary judgment. The Court finds this reason unpersuasive and an inadequate ground to avoid summary judgment in light of the fact that Plaintiff has had many months to review the produced discovery. Accordingly, the Court finds that Plaintiff's motion is a dilatory tactic made at this late stage of litigation to avoid summary judgment and delay a potential trial.

## II.   Dismissal of Claims With Prejudice

Before the Court is Plaintiff's Motion for Partial Nonsuit with Prejudice. (Dkt. ## 55, 64.) The Court construes Plaintiff's Motion for Partial Nonsuit with Prejudice as a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(a)(2). Plaintiff seeks to dismiss his claims of false imprisonment and malicious prosecution against Defendants Wille and McDaniel and the claim of negligent hiring against Defendants Acevedo and the City of Austin. (Dkt. # 55 ¶ 25.) Defendants do not object to the dismissal of these claims. (Dkt. # 61 at 8.) Pursuant to Federal Rule of Civil Procedure 41(a)(2), the Court finds it proper to dismiss the aforementioned claims against Defendants.

## CONCLUSION

For the reasons explained, the Court **DENIES** Plaintiff's Motion for Leave to file a First Amended Complaint made in his surreply (Dkt. # 53), **DENIES** Plaintiff's Motion for Leave to File his First Amended Complaint (Dkt. # 63); **GRANTS** Plaintiff's Motion to Dismiss certain claims with Prejudice (Dkt. # 55); and **GRANTS** Plaintiff's Motion for Leave to File his Partial Nonsuit (Dkt. # 64.) . Therefore, the Court **ORDERS:** (1) the claims of false imprisonment and malicious prosecution against Defendants Wille and McDaniel are **DISMISSED WITH PREJUDICE**; and (2) the claim of negligent hiring against Defendants Acevedo and the City of Austin is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

**DATE:** Austin, Texas, April 12, 2016.

_____
DAVID ALAN EZRA
UNITED STATES DISTRICT JUDGE